UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| New York Life Insurance Co., <br><br> Plaintiff, <br><br> v. <br><br> John August Benedict, Nathan Paul Swanson and S.T.H.S., a minor child, <br><br> Defendants, | Court File No. _____ <br><br><br> **COMPLAINT FOR INTERPLEADER RELIEF** |

Plaintiff/Stakeholder New York Life Insurance Company, by its undersigned counsel, for its Complaint for Interpleader Relief pursuant to Rule 22 of the Federal Rules of Civil Procedure against Defendants/Claimants John August Benedict, Nathan Paul Swanson and S.T.H.S., states as follows:

## PARTIES

1. Plaintiff/Stakeholder New York Life Insurance Company ("New York Life") is a mutual insurance company organized under the laws of New York with its principal place of business in New York, New York.

2. Defendant/Claimant John August Benedict is a former spouse of Teri Lynne Swanson and a citizen of Minnesota and his last known residence is 8220 Quinn Circle, Bloomington, Minnesota.

3. Defendant/Claimant Nathan Paul Swanson is the son of Teri Lynne Swanson and a citizen of Minnesota, and his last known residence is 5016 52nd Avenue North, Crystal, MN.

4. Defendant/Claimant S.T.H.S. is the minor son of Teri Lynne Swanson and a citizen of Minnesota.

5. On information and belief, S.T.H.S. is a minor child for whom a guardian ad litem may need to be appointed pursuant to Fed. R. Civ. P. 17(c)(2).

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 and § 1397 because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this jurisdiction and one or more of the Claimants reside in this jurisdiction.

## FACTUAL BACKGROUND

8. On August 1, 2006, New York Life issued a Life Insurance Policy No. 48 606 856 on the life of Teri Lynne Swanson in the amount of $500,000. A true and correct specimen copy of Policy No. 48 606 856 is attached hereto as Exhibit A.

9. As the insured and owner of the Policy, Teri Lynne Swanson designated her then former husband John August Benedict as primary beneficiary under the Policy. A true and correct copy of the application for insurance is attached hereto as Exhibit B.

10. Although at one time married to the Insured, John August Benedict and Teri Lynne Swanson were divorced on or about March 28, 1986, twenty-seven years

prior to the issuance of the New York Life insurance policy. On information and belief, John August Benedict is of no relation to Nathan Paul Swanson or S.T.H.S.

11. On or about December 2012, Teri Lynne Swanson requested a beneficiary change form from New York Life Agent Timothy A. Holmgren, with the intent of changing the primary beneficiary of her life insurance policy to her surviving sons, Nathan Paul Swanson and S.T.H.S. Affidavit of Timothy A. Holmgren is attached hereto.

12. Teri Lynne Swanson completed and signed the New York Life beneficiary change form designating her sons, Nathan Paul Swanson and S.T.H.S., as primary beneficiaries. Her signature was witnessed by Agent Timothy A. Holmgren and Ms. Swanson's Power of Attorney, Molly Dvorak.

13. On June 3, 2013, a Living Benefits Rider claim was paid to Teri Lynne Swanson from Policy No. 48 606 856 in the amount of $232,880.75, which constituted half the policy amount minus the Interest Factor Adjustment and Administrative Fee. As a result, Policy No. 38 993 307 was issued in lieu of Policy No. 48 606 856 for the remaining amount of $250,000. A true and correct specimen copy of Policy No. 38 993 307 is attached hereto as Exhibit C.

14. On July 26, 2013, Teri Lynne Swanson died. A true and correct copy of the Teri Lynne Swanson's Certificate of Death is attached hereto as Exhibit D.

15. On or about July 31, 2013, New York Life received notice of Teri Lynne Swanson's death from New York Life Agent Timothy A. Holmgren.

16. Shortly after Teri Lynne Swanson's death, Agent Timothy A. Holmgren discovered that the beneficiary designation had not been changed in New York Life's

records and that John August Benedict remained the primary beneficiary listed on Teri Lynne Swanson's life insurance Policies No. 48 606 856 and No. 38 993 307.

17. Agent Timothy A. Holmgren informed New York Life's Home Office that the beneficiary designation had not been changed in New York Life's electronic records system and that Teri Lynne Swanson's completed beneficiary change form was likely lost or inadvertently thrown away before it could be entered into the records system.

18. Under the terms of the Policies, and on account of the death of Teri Lynne Swanson, whose life was insured under the Policies, New York Life became obligated to pay the sums due, plus interest, in the total amount of $17,742.84 on Policy 48 606 856 and $249,928.70 on Policy 38 993 307 ("Proceeds").

19. The sum of $17,742.84 due under Policy 48 606 856 constitutes a refund of the Interest Factor Adjustment and Administrative Fee deducted and refunded pursuant to the terms of the Living Benefits Rider.

20. On or about September 16, 2013, New York Life received a letter from Attorney Constance J. Paiement, on behalf of Nathan Paul Swanson and S.T.H.S., asserting that Teri Lynne Swanson's intent was for the Proceeds to be split evenly between her two sons. A true and correct copy of Constance Paiement's September 16, 2013 correspondence is attached hereto as Exhibit E.

21. On or about October 1, 2013, New York Life received from Defendant/Claimant, John August Benedict, a claim to the Proceeds. A true and correct copy of John August Benedict's completed Claim Form is attached hereto as Exhibit F.

## BASIS FOR INTERPLEADER RELIEF

22. Because New York Life believes multiple and conflicting claims to the Proceeds of Policies No. 48 606 856 and No. 38 993 307 exist, New York Life cannot safely pay out the Proceeds.

23. As illustrated above, there exist actual or potential rival, adverse and conflicting claims to the Proceeds, and, as such, New York Life has been unable to discharge its admitted liability without exposing itself to multiple liability or multiple litigation or both.

24. New York Life is willing to pay the Proceeds due and owing on account of the death of the insured Teri Lynne Swanson, and pursuant to the provisions of the Policies and applicable law.

25. New York Life should not be compelled to become involved in the disputes or contentions of the Claimants and the Claimants should be ordered to litigate among themselves without further involving New York Life.

26. New York Life has filed this Complaint for Interpleader relief of its own free will to avoid multiple liability, multiple litigation, or both.

## RELIEF SOUGHT

WHEREFORE, Plaintiff/Stakeholder New York Life asks for the following relief:

   a. The Defendants/Claimants John August Benedict, Nathan Paul Swanson and S.T.H.S., be enjoined from instituting or prosecuting against New York Life in a proceeding in any State or United States Court or administrative tribunal affecting the insurance proceeds due under the Policies and on account of the death of Teri Lynne Swanson, and that said injunction issue without bond or surety;

b.  The Defendants/Claimants, and each of them, be required to make a full and complete answer to the Complaint for Interpleader relief and to set forth to which of them the insurance proceeds, or any part thereof, rightfully belong and how they make their claims thereto;

c.  This Court determine and declare the rights of the Defendants/Claimants, and each of them, to life insurance benefits due and owing under the Policies;

d.  The Court discharge New York Life of and from any and all liability for any insurance payable on account of the death of Teri Lynne Swanson;

e.  This Court excuse New York Life from further attendance upon this cause and dismiss New York Life from this case with prejudice; and

f.  This Court grant New York Life such other and further relief as this Court deems just and equitable including its attorneys' fees incurred in filing and prosecuting this Complaint for Interpleader Relief, said sum to be deducted from the amount due and owing under the Policies.

Respectfully Submitted,

Dated: January 13, 2014

**MASLON EDELMAN BORMAN & BRAND, LLP**

By: _____
Gary J. Haugen (#42328)
Emma Greenman (#390252)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140
Telephone: (612) 672-8200

Email:  gary.haugen@maslon.com
        emma.greenman@maslon.com

**ATTORNEYS FOR PLAINTIFF/STAKEHOLDER NEW YORK LIFE**