United States District Court
For The
District of Minnesota

New York Life Insurance Co.,            Case No. 0:14-cv-00120-DWF-TNL

    Plaintiff,

vs.                                     **ANSWER, COUNTER CLAIM**
                                         **AND CROSS CLAIMS**
                                         **OF DEFENDANT S.T.H.S**

John August Benedict, et al.,
    Defendants.

---

Defendant, S.T.H.S., acting by and through Jorge Huerta Garcia, his father and natural guardian, for his Separate Answer to Plaintiff's Complaint, states and alleges as follows:

ANSWER

1. Except as expressly admitted, denied or qualified, this answering Defendant, S.T.H.S., does not have sufficient knowledge to form a belief regarding the veracity of the allegations in the Complaint and, therefore, denies the allegations and puts the Plaintiff, to its strict burden of proof of thereon.

2. That this answering Defendant admits the allegations contained in Paragraphs 1,2,3,4, 5,6,7,8,10,11,12,13,14, 18 and 19.

3. That this answering Defendant specifically denies the allegations contained in Paragraph 25.

4. That this answering Defendant is without sufficient information to form an opinion or belief regarding the truth or veracity of paragraphs 9, 15, 16,17,20,21,22,23,24 and 26

therefore, denies the allegations and puts the Plaintiff to its strict burden of proof of thereon.

## COUNTER CLAIM AND CROSS CLAIMS

COMES NOW THE DEFENDANT AND THIRD-PARTY PLAINTIFF, S.T.H.S., acting by and through his father and natural guardian, Jorge Huerta Garcia, and for his Counter Claim against Plaintiff, New York Life Insurance Company and his cross claims against Third-Party Defendants, John August Benedict and Nathan Swenson, states and alleges as follows:

### PARTIES

1. The Third-Party Plaintiff, S.T.H.S., a minor child, is a resident of the State of Minnesota and restates and alleges the allegations contained in the complaint of New York Life, which are not specifically denied in the Answer of Third-Party Plaintiff, S.T.H.S. are hereby restated.

2. The Third-Party Defendant, New Your Life, is a mutual insurance company with its principal place of business in New York, New York.

3. The Third-Party Defendant, John August Benedict, is a citizen of Minnesota, residing at 8220 Quinn Circle, Bloomington, MN.

4. Third-Party Defendant, Nathan Paul Swanson, is a citizen of the State of Minnesota, residing at 5016 52nd Avenue North, Crystal, Minnesota.

### JURISDICTION AND VENUE

5. That the Court has original jurisdiction on the underlying action pursuant to U.S.C. §1332 and § 1397l, as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

6. This Third-Party Complaint sets out a permissive counter claim against New York Life and permissive cross claims against Third-Parties John August Benedict and Nathan Paul Swanson; all of which are being brought pursuant to and consistent with Federal Rules of Civil Procedure 13 and 14.

FACTS

7. That on August 1, 2006 New York Life issued Life Insurance Policy No. 48 606 856 on the life of Teri Lynne Swanson, mother of Third-Party Plaintiff, S.T.H.S, in the amount of $500,000, naming Third Party Defendant, John August Benedict as primary beneficiary. A copy of said policy was a valid and binding contract between the decedent, Teri Lynne Swanson, and New York Life; a copy of which is attached to Plaintiff's Complaint as Ex. A.

8. That on or about December 2012, the decedent, Teri Lynne Swanson requested a beneficiary change form from New York Life agent, Timothy A. Holmgren; that Teri Lynne Swanson later completed and signed the change of beneficiary form designating her sons, Third-Party Defendant, Nathan Paul Swanson and Third-Party Plaintiff, S.T.H.S. as primary beneficiaries, entrusting the filing of this change of beneficiary form to Timothy A. Holmgren, the agent of Third-Party Defendant, New York Life. This change of beneficiary designation was a valid and binding contract between the decedent, Teri Lynne Swanson, and New York Life.

9. That for reasons unknown, but which were under the exclusive control of Third-Party, New York Life and its agents, the change of beneficiary form was lost, misplaced or destroyed, and was never registered on the subject life insurance policy; said action or

non-action constituting a breach of the contract between the decedent and New York Life.

10. That Third-Party Plaintiff, S.T.H.S. was a contingent beneficiary of this contract and, as a direct and proximate result of the negligence and breach of contract on the part of New York Life, the Third-Party Plaintiff, S.T.H.S. has been deprived of his rightful interest in the insurance policy proceeds together with the interest and benefits thereof.

11. That as a direct and proximate result of the negligence and breach of contract on the part of New York Life Insurance Co, S.T.H.S., the Third-Party Plaintiff has lost the use and enjoyment of his share of the policy proceeds and has incurred attorney's fees, cost and disbursements in proceeding with this litigation.

12. That pursuant to the specific direction of New York Life's agent, Teri Lynne Swanson took all reasonable and necessary steps to effect a change of beneficiary designation to her two sons; that it was Teri Lynne Swanson's specific intent to have the insurance proceeds shared equally by her two sons, and, but for the negligence and breach of contract on the part of New York Life, the requested change on the policy would have been timely made and S.T.H.S. would not have been damaged.

13. That the claim for the insurance policy proceeds being made by Third-Party Defendant, John August Benedict (as reflected in Exhibit B to Plaintiff's Complaint), is unfounded, unlawful and contrary to the contractual terms of the New York Life policy, as revised by Teri Lynne Swanson.

14. That on June 3, 2013 a Living Benefits Rider Claim was paid to Teri Lynne Swanson from Policy No. 48 606 856 in the amount of $232,808.75, which constituted

approximately half the policy amount minus the Interest Factor Adjustment and New York Life Administrative fees.

15. At the request of the decedent, Teri Lynne Swanson, the Third-Party Defendant, Nathan Swenson, took temporary control of the proceeds of the Living Benefits Rider Claim, with the understanding that, at her death, the monies would be divided equally between her two sons, S.T.H.S., the Third Party Plaintiff and the Third Party Defendant, Nathan Swenson.

16. That Teri Lynne Swanson died before spending any of the proceeds of the Living Benefits Rider Claim and since her death, no distribution of the Living Benefits Rider Claim has been made to S.T.H.S., the Third-Party Plaintiff, except for the sum of $800.

17. That Third-Party Defendant, Nathan Swenson, acknowledged to S.T.H.S. that he is entitled to half of the policy proceeds, but has declined to make distribution to the Third-Party Plaintiff; rather asserting that his share of the policy proceeds will be distributed to him when the second half of the claim proceeds is released by New York Life Insurance Company.

18. That Third-Party Defendant, Nathan Swenson has wrongfully and unlawfully retained, expended and converted to his own use, monies belonging to the Third-Party Plaintiff, S.T.H.S.

19. That as a direct and proximate result of the actions of Third-Party Defendant, Nathan Swenson the Third-Party Plaintiff has lost the use and enjoyment of his share of the policy proceeds and has incurred attorney's fees, cost and disbursements.

WHEREFORE, the Defendant / Third-Party Plaintiff S.T.H.S. prays for an Order of this Court as follows:

20. That the Plaintiff, New York Life Insurance, Co., be put to its burden of proof on its claims, and to the extent defeated by Defendant / Third-Party Plaintiff S.T.H.S., that the same be dismissed with costs, disbursements and reasonable attorney's fees being awarded to this answering Defendant.

21. Order that the New York Life Insurance, Co. pay to the Third-Party Plaintiff, S.T.H.S., his rightful interest in New Your Life Insurance Co., policy No. No. 48 606 856l; said interest in the approximate amount of $125,000 and the actual amount to be determined by the Court, including all interest from the date of decedent's death, plus all actual damages suffered by S.T.H.S., plus all costs, disbursements and attorney fees incurred by the Third-Party Plaintiff as a direct and proximate cause of the negligence of Third-Party Defendant, New York Life in a total amount to be proven at trial.

22. Ordering that the claim for policy proceeds made by Third-Party Defendant, John August Benedict, be denied in its entirety.

23. Ordering Third-Party Defendant, Nathan Swenson to provide S.T.H.S, the Third-Party Plaintiff, with an accounting of the monies received and held by Swenson from the date the monies were received from New York Life Insurance Co. to the present.

24. Ordering Third-Party Defendant, Nathan Swenson, to pay over to S.T.H.S, a ½ share of the New York Life Insurance Co. proceeds delivered to Nathan Swenson pursuant to the Living Benefits Rider Claim, including applicable interest from the date of Nathan Swenson's receipt of said proceeds, plus all costs, disbursements and attorney fees incurred by S.T.H.S. in this action.

25.  Ordering such other and further relief which to the Court seems just and equitable.

Dated: January 28, 2014              s/ Dennis P. Moriarty
                                     Dennis Patrick Moriarty (7519X)
                                     James P. Conway (0391044)
                                     Attorneys for Defendant S.T.H.S.
                                     Jaspers, Moriarty & Walburg, P.A.
                                     206 Scott Street
                                     Shakopee, MN 55379
                                     Phone: (952) 445-2817
                                     Fax: (952) 445-0812
                                     dmoriarty@jmwlaw.com
                                     jconway@jmwlaw.com